**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

TYRRELL L. JONES,

        Plaintiff,

vs.

CAROLYN WRIGHT, *et al.*,

        Defendants.

Case No. 2:20-cv-01878-APG-VCF

**ORDER**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1)

Before the Court are pro se plaintiff Tyrrell L. Jones's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Jones's (1) in forma pauperis application is granted; (2) his complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

Jones's filings present two questions: (1) whether Jones may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Jones's complaint states a plausible claim for relief.

**I.     Whether Jones May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he has no wages due to COVID-19, that he receives $179 per month in government assistance, and that he has about $4.97 in savings. (*Id*.) Plaintiff's application to proceed in forma pauperis is granted.

**II.      Whether Jones's Complaint States a Plausible Claim**

      **a.  Legal Standard**

Because the Court grants Jones's application to proceed *in forma pauperis*, it must review Jones's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress.  *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000.

*See* 28 U.S.C. §§ 1331, 1332. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *W. States Wholesale Nat. Gas Antitrust Litig. v. Coral Energy Res., L.P.*, 346 F. Supp. 2d 1143, 1144 (D. Nev. 2004).

### b. Plaintiff's Complaint

Jones brings a personal injury lawsuit against defendants M.V. Transportation, Inc., M. J. Maynard Regional Transportation Commission of Southern Nevada, Carolyn Wright, and Tom Egan related to injuries he suffered on May 7, 2019 while boarding a bus on his way to Red Rock Casino. (ECF No. 1-1 at 4). Plaintiff alleges he fell and suffered injuries while boarding because the bus operator did not lower the bus to assist him in boarding, even though it stopped far from the curb and it was dark outside. (*Id.*) Plaintiff's does not assert any claims under federal law.

Plaintiff alleges that this Court has diversity jurisdiction over this matter. He seeks more than $75,000 in damages; he lists his mailing address in Florida, but he alleges that he is a citizen of the State of Nevada. (ECF No. 1-1 at 3). He alleges that defendant M.V. Transportation Inc. is incorporated under the laws of the State of Texas and its principle place of business is the State of Nevada, and that the rest of the defendants are all citizens of the State of Nevada. (*Id.* at 3). Since the plaintiff alleges that he was a citizen of the State of Nevada at the time the action was commenced, plaintiff has not alleged complete diversity as required by 28 USCS §§ 1132. Plaintiff has not alleged a proper basis for this Court's jurisdiction over this matter. This Court lacks jurisdiction, and the Court dismisses this case. Fed. R. Civ. P. 12(h)(3); *Cat Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

The Court will give the plaintiff one opportunity to amend his complaint. In his amended complaint, he must clarify whether he was a citizen of the State of Florida or the State of Nevada at the time of filing his complaint. "[T]he jurisdiction of the Court depends upon the state of things at the time

of the action brought." *Grupo Dataflux v. Atlas Glob. Grp.*, L.P., 541 U.S. 567, 571, 124 S. Ct. 1920, 1924 (2004), citing to *Mollan v. Torrance*, 22 U.S. 537, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824). If plaintiff was not a citizen of the State of Nevada at the time he filed this complaint, then plaintiff cannot proceed in federal court and he must file his complaint in state court.

Although the Court need not address the merits of the rest of the plaintiff's complaint since it dismisses this case for lack of jurisdiction, the Court will do so here for the plaintiff's benefit. The plaintiff has filed his case within Nevada's two-year statute of limitations to, "recover damages for injuries to a person…caused by the wrongful act or neglect of another." See NRS 11.190. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *W. States Wholesale Nat. Gas Antitrust Litig. v. Coral Energy Res., L.P.*, 346 F. Supp. 2d 1143, 1144 (D. Nev. 2004).

Construing plaintiff's claims liberally, plaintiff has alleged a single claim of negligence against the defendants. To assert a negligence claim in Nevada, plaintiff must prove: (1) that defendant owed a duty of care to plaintiff; (2) that defendant breached that duty; (3) the breach was the legal cause of the plaintiff's injuries; and (4) the plaintiff suffered damages. See *Scialabba v. Brandise Const. Co.*, 112 Nev. 965, 968 (1996). Plaintiff plausibly alleges that the defendants owed him a duty of care and that they breached that duty of care when the bus driver did not lower the bus for plaintiff so that he could board the bus given that it was dark outside and the bus stopped far away from the curb. The plaintiff also plausibly alleges that the breach was the legal cause of plaintiff's injuries and that he suffered damages because he alleges that (1) he fell during boarding, (2) that he sustained injuries that led him to be hospitalized, and (3) that he has medical bills and other damages because of the injuries he sustained. The Court finds that the plaintiff has alleged a plausible negligence claim against the defendants. The plaintiff may proceed with his negligence claim.

ACCORDINGLY,

IT IS ORDERED that Jones's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Jones's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Jones has until Monday, December 28, 2020 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 24th day of November 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE