# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| TYRRELL L. JONES,<br><br>                    Plaintiff,<br><br>vs.<br><br>CAROLYN WRIGHT, *et al.*,<br><br>                    Defendants. | Case No. 2:20-cv-01878-APG-VCF<br><br>**ORDER**<br><br>AMENDED COMPLAINT (ECF NO. 5) |

Before the Court is pro se plaintiff Tyrrell L. Jones's amended complaint (ECF No. 5). The plaintiff filed a "one page amended complaint" that refers to the original complaint. (*Id*.) The Court dismisses plaintiff's amended complaint without prejudice because his complaint is not complete in itself.

The Court granted plaintiff's informa pauperis application and dismissed his complaint without prejudice with leave to amend, finding that this Court may lack diversity jurisdiction over plaintiff's claims because although he noted that he had a Florida address, he alleged he was a citizen of the State of Nevada in his complaint. (See ECF Nos. 1-1 at 3 and 3 at 3). Plaintiff has now filed a one page "amended complaint" that states only that he is a citizen of the State of Florida and that this Court has diversity jurisdiction over this case. (ECF No. 5).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be

"complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). The amended complaint has replaced the original complaint in this case and plaintiff's amended complaint does not state any claims. Plaintiff's amended complaint appears to reference his original complaint and is not complete in itself. The Court dismisses plaintiff's amended complaint without prejudice. This will give plaintiff an opportunity to file a second amended complaint that is complete.

ACCORDINGLY,

IT IS ORDERED that Jones's amended complaint (ECF No. 5) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Jones has until Monday, March 1, 2021 to file a second amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 28th day of January 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE